UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

SEP 05 2018

David J. Bradley, Clerk of Court

| UNITED STATES OF AMERICA | § | CRIMINAL NO. |
|---|---|---|
| v. | § | |
| CHRISTOPHER HOWARD, | § | **18 CR 525** |
| Defendant. | § | |

# INDICTMENT

THE GRAND JURY CHARGES THAT:

## COUNT ONE
(Fraud Scheme in Connection with a Major Disaster – 18 U.S.C. § 1040(a)(1))

### I. FEMA

1. The Federal Emergency Management Agency ("FEMA") was an agency within the Department of Homeland Security ("DHS"), a department of the executive branch of the Government of the United States.

2. In August of 2017, Hurricane Harvey struck the state of Texas, including the Houston area, within the Southern District of Texas. In response, on August 25, 2017, President Donald J. Trump issued a major disaster declaration under the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. § 5121 *et seq.* (the "Stafford Act"), for the Houston area. As a result of this declaration, FEMA was authorized to provide assistance to affected residents of Houston area through FEMA's Individuals and Households Program, including the following:

   a. Rental Assistance, which was financial assistance to pre-disaster homeowners or renters to rent temporary housing when an applicant was displaced from their primary residence as a result of a Presidentially-declared disaster. As pertinent here, FEMA included all members of a pre-disaster household in a single registration and provided

assistance for one temporary housing residence, unless the Regional Administrator or his/her designee determined that the size or nature of the household required assistance for more than one residence. FEMA awarded eligible applicants an initial Rental Assistance payment based in part on the number of bedrooms the household requires.

b.  Home Repair Assistance, which was financial assistance to a homeowner to repair a primary residence damaged as a result of a Presidentially-declared disaster. This type of assistance was intended to make the damaged home safe, sanitary, or functional, including assistance for the repair of real property components such as foundation, exterior walls, roof, windows, doors, floors, walls, ceilings, and cabinetry.

c.  Personal Property Assistance, which was financial assistance to repair or replace personal property, such as furnishings and appliances, damaged or destroyed due to the disaster.

3.  The U.S. Department of the Treasury provided disaster assistance payments by either sending checks through the U.S. mail to the applicant or by electronic funds transfer ("EFT") to a bank account specified by the applicant. All such EFT payments originated from Kansas City, Missouri.

## II. The Scheme to Defraud FEMA

4.  Beginning in or about September 2017, and continuing until in or about May 2018, in the Southern District of Texas, the defendant, **CHRISTOPHER HOWARD,** did knowingly and willfully devise and intend to devise a scheme and artifice to defraud the United States of America, DHS, and FEMA to obtain money from FEMA by means of materially false and fraudulent pretenses and representations, knowing and having reason to know that such pretenses and

2

representations were and would be materially false and fraudulent when made and caused to be made.

5. Beginning in or about September 2017, and continuing until in or about May 2018, within the Southern District of Texas, the defendant, **CHRISTOPHER HOWARD,** made a materially false, fictitious, and fraudulent statement and representation to FEMA in an application for benefits authorized, transported, transmitted, disbursed, and paid with FEMA funds in connection with the Presidential Disaster Declaration for the Houston area issued on August 25, 2017), said declaration having been made under the Stafford Act and the benefit referenced above concerned a record, voucher, payment, money, or thing of value of the United States or any department or agency thereof; that is, the defendant, **CHRISTOPHER HOWARD,** knowingly and fraudulently represented to FEMA, during the application process for assistance pertaining to residential damage caused by Hurricane Harvey, that he resided at the real property located at 21403 Bear Cub Ln, Crosby, TX 77532, at the time the hurricane hit the Houston area, when in fact, as he then and there knew, he did not reside at the property as he represented.

6. It was part of the scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses and representations that the defendant, **CHRISTOPHER HOWARD,** applied for FEMA assistance by falsely stating that he resided at 21403 Bear Cub Ln, Crosby, TX 77532 when, as he well then and there knew, he did not reside at the property as he claimed.

7. It was further part of the scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses and representations that the defendant, **CHRISTOPHER HOWARD,** designated his personal bank account at Woodforest National Bank,

as the payee account for any FEMA financial assistance received in connection with the damages Hurricane Harvey caused to 21403 Bear Cub Ln, Crosby, TX 77532.

8.      As a result of his scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses and representations, the defendant, **CHRISTOPHER HOWARD,** received or caused others to receive from FEMA $1,742.00 in rental assistance, $5,352.38 in hotel lodging reimbursement, $3,809.82 in personal property assistance, and $19,682.25 in TSA (Transitional Shelter Assistance) hotel assistance, for a total of $30,586.45.

All in violation of Title 18, United States Code, Section 1040.

## COUNTS TWO THROUGH FIVE
### (Wire Fraud – 18 U.S.C. § 1343)

9. The allegations in Count 1, paragraphs 1-8, are incorporated and re-alleged as though set forth in full herein as to the scheme to defraud.

10. On or about the dates listed below, in the Southern District of Texas and elsewhere, the defendant, **CHRISTOPHER HOWARD,** for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communications in interstate commerce, certain signs, signals, and sounds, between the U.S. Department of the Treasury in Kansas City, Missouri and Woodforest National Bank in Houston, Texas.

| COUNT | ELECTRONIC TRANSFER DATE | AMOUNT OBTAINED |
|---|---|---|
| 2 | December 5, 2017 | $1,742.00 |
| 3 | December 19, 2017 | $3,809.82 |
| 4 | February 22, 2018 | $3,807.72 |
| 5 | May 3, 2018 | $1,544.66 |

All in violation of Title 18, United States Code, Section 1343.

## NOTICE OF CRIMINAL FORFEITURE
### (18 U.S.C. § 981(a)(1)(C); 28 U.S.C. §2461(c))

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), the United States gives notice that upon Defendant's conviction of a wire fraud offense charged in this Indictment, the United States intends to seek forfeiture of all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses.

## MONEY JUDGMENT AND SUBSTITUTE ASSETS

The United States gives notice that it will seek a money judgment against the Defendant. In the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exist, the United States will seek to forfeit any other property of the Defendant up to the amount of the money judgment.

**A TRUE BILL**

Original Signature on File

FOREPERSON OF THE GRAND JURY

RYAN K. PATRICK
United States Attorney

By: _____
MICHAEL E. DAY
Assistant United States Attorney
(713) 567-9000