UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Criminal No. H-18-CR-525 |
| CHRISTOPHER HOWARD | § | |

## PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Michael Day, Assistant United States Attorney, and the defendant, Christopher Howard, and Defendant's counsel, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count Five of the Indictment. Count Five charges Defendant with wire fraud in violation of Title 18, United States Code, Section 1343. Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

1

## Punishment Range

2. The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 1343, is imprisonment of not more than 20 years and a fine of not more than $250,000 or the greater of twice the gross gain or loss. Additionally, Defendant may receive a term of supervised release after imprisonment of 3 years. *See* Title 18, United States Code, sections 3559(a)(3) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order,

2

payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## Cooperation

5. The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines. Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas. Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines. Defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States, not oppose the forfeiture of assets

3

contemplated in paragraph 22 of this agreement. Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

6. Defendant understands and agrees that "fully cooperate," as that term is used herein, includes providing all information relating to any criminal activity known to Defendant, including but not limited to any violations of his conditions of release. Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

> (a) Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and Defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;
>
> (b) Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this agreement;
>
> (c) Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;
>
> (d) Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

(e)     Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation; and

(f)     Should the recommended departure, if any, not meet Defendant's expectations, the Defendant understands that he remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his plea.

7.  Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

8.  The United States agrees to each of the following:

(a)     If Defendant pleads guilty to Count Five of the Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss all counts of the Indictment at the time of sentencing;

(b)     The United States agrees that the maximum penalty range for Count Five is imprisonment of not more than 20 years and a fine of not more than $250,000 and that the provision of 18 U.S.C. § 1343 regarding the presidentially declared major disaster will not be considered pursuant to this plea agreement;

(c)     If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid

preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

(d)   Defendant agrees to pay $26,414.38 in restitution, due on the day of re-arraignment.

### Agreement Binding - Southern District of Texas Only

9. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

10. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a)   to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)   to set forth or dispute sentencing factors or facts material to sentencing;

6

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

11. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant

cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

12. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

13. Defendant is pleading guilty because he is in fact guilty of the charges contained in Count Five of the Indictment. If this case were to proceed to trial, the

United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

On or about May 3, 2018, the defendant, Christopher Howard, for the purpose of executing a scheme to defraud the Federal Emergency Management Agency ("FEMA"), did knowingly cause to be transmitted by means of wire communications in interstate commerce, certain signs, signals, and sounds, specifically an electronic funds transfer in the amount of $1,544.66 between the U.S. Department of the Treasury in Kansas City, Missouri and Woodforest National Bank in Houston, Texas, in violation of Title 18, U.S.C. § 1343.

> On or about September 2, 2017, Defendant submitted or caused to be submitted a false or fraudulent application to FEMA for government assistance related to Hurricane Harvey, in reference to a property located at 21403 Bear Cub Lane in Crosby, Texas. Defendant claimed the date of loss on the application as August 23, 2017. The application was fraudulent as Defendant did not reside at 21403 Bear Cub Ln. at the time of Hurricane Harvey as claimed, and the residence at 21403 Bear Cub Ln. did not sustain damage from Hurricane Harvey as claimed by Defendant.
>
> During the course of the investigation of the application, it was determined that J.R. was the true homeowner and resident of the property located at 21403 Bear Cub Ln. in Crosby, Texas. J.R. advised that he was familiar with Defendant but that Defendant did not live at the residence located at 21403 Bear Cub Ln., at or during the time of Hurricane Harvey. J.R. also informed investigators that his residence at 21403 Bear Cub Ln. did not sustain any damage from Hurricane Harvey.
>
> As support for his application, Defendant submitted or caused others to submit a tenant agreement, as proof of residence, purporting that he rented the

residence located at 21403 Bear Cub Ln. from J.R. During the investigation, J.R. reviewed the tenant agreement and verified that it was fictitious.

As a result of the fraudulent application, on May 3, 2018, FEMA disbursed $1,544.66 for from the U.S. Department of the Treasury in Kansas City, Missouri to Defendant's bank account at Woodforest National Bank, a financial institution located in Houston, Texas.

Defendant hereby stipulates that the intended loss to the FEMA program was $30,224.20, and that the funds received as a result of the fraudulent application were $26,414.38.

## Breach of Plea Agreement

14. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

## Restitution

15. Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s) incurred a monetary loss of $26,414.38. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

## Fines

16. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

17. This written plea agreement, consisting of 15 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea

11

agreement between the United States, Defendant, and Defendant's counsel.  No promises or representations have been made by the United States except as set forth in writing in this plea agreement.  Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

[REST OF PAGE INTENTIONALLY LEFT BLANK]

18. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at ___Houston___, Texas, on ___August 19___, 20_19_.

_____
Christopher Howard
Defendant

Subscribed and sworn to before me on ___August 19___, 20_19_.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Ryan K. Patrick
United States Attorney

By: _____         _____
Assistant United States Attorney        Attorney for Defendant
Southern District of Texas

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § | |
| v. § § § § | Criminal No. H-18-525 |
| CHRISTOPHER HOWARD § | |

## PLEA AGREEMENT ADDENDUM

I have fully explained to Defendant his rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____        _____8/19/19_____
Attorney for Defendant                  Date

I have consulted with my attorney and fully understand all my rights with respect to

14

the indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

X _____    19Aug19
Christopher Howard                    Date
Defendant